**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2098**
_____


UNITED STATES OF AMERICA, for the use and
benefit of East Coast Contracting,
Incorporated, a Maryland corporation,

                                    Plaintiff - Appellant,

        versus


UNITED STATES FIDELITY AND GUARANTY COMPANY,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-
03-3200-1-CCB)

_____

Submitted:  April 25, 2005          Decided:  May 26, 2005

_____

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas A. Baker, THOMAS A. BAKER, P.A., Baltimore, Maryland, for
Appellant.  Cynthia E. Rodgers-Waire, Adam Cizek, WHITEFORD, TAYLOR
& PRESTON, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

United States Fidelity and Guaranty Company (USF&G) acted as surety for performance and payment of an East Coast Contracting (ECC) subcontract to perform installation of concrete at Andrews Air Force Base in Maryland. ECC completed its work in July 2002 and in September submitted a claim of $145,397.08 to USF&G. In January 2003, USF&G apologized that the bankruptcy of the principal had delayed its response and asked for ECC's patience as USF&G reviewed claims. In April 2003, USF&G requested additional information from ECC, which ECC provided in May. In August 2003, thirteen months after ECC completed its work on the project, USF&G denied ECC's claim as untimely because the one year statute of limitations of the Miller Act, 40 U.S.C.A. § 3133(b)(4) (West 2005), had elapsed and ECC had not filed an action. The district court granted USF&G's motion for summary judgment, finding no material issue of fact existed that ECC filed an untimely action and that no equitable estoppel existed. ECC timely appealed, claiming that equitable estoppel applied.

This court reviews de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment may only be granted when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). For contracts under the Miller Act, this

- 2 -

court has applied equitable estoppel "to aid a party who, in good faith, has relied, to his detriment, upon the representations of another." United States ex rel. Humble Oil & Refining Co. v. Fidelity and Casualty Co. of New York, 402 F.2d 893, 897 (4th Cir. 1968). This court analyzes the totality of the circumstances of a Miller Act contract to find if "there has been a representation, reliance, change of position and detriment." Id. at 898.

ECC argued that it reasonably relied on USF&G's promise to investigate its claim because ECC knew the investigation would result in USF&G's payment of the debt. The surety in Humble Oil agreed to pay "properly proven" claims; ECC argues that this promise is effectively the same as the promise to investigate. Humble Oil, 402 F.2d at 896. USF&G's promise to investigate is not the same as the surety's promise in Humble Oil because in that case the surety acknowledged it would pay and was engaged in lengthy negotiations over which claims to pay. USF&G never acknowledged it would pay anything, and the minimal contact between ECC and USF&G pales in comparison to the negotiations in Humble Oil. ECC could not reasonably rely on USF&G's promise to investigate to satisfy Humble Oil's test for equitable estoppel.

Moreover, in USF&G's letters to ECC, USF&G expressly reserved the statute of limitations defense. Unlike in Humble Oil, ECC did not agree to forbear a suit while negotiating the claim. Humble Oil, 402 F.2d at 897. ECC hinted at possible litigation and

knew time was running out to file an action. ECC cannot claim it detrimentally relied on USF&G's actions when it had no impediment to timely filing this action. Based on the totality of the circumstances, the district court correctly ruled that USF&G was not estopped from asserting a statute of limitations defense.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED